# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6855 | **DATE** | 10/5/2001 |
| **CASE TITLE** | Laborers' Pension Fund vs. King & Larsen | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. The current answer is stricken in its entirety, with leave granted to file a proper Amended Answer in this Court's chambers on or before October 19, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | 4 |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | OCT 0 9 2001 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | | CM | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 10/5/2001 | | |
| | | FILED FOR DOCKETING 01 OCT -5 PM 2: 10 | date mailed notice | | |
| SN | courtroom deputy's initials | | SN | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

DOCKETED

OCT 0 9 2001

LABORERS' PENSION FUND,　　　　　)
et al.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　)
　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　)　　No.　01 C 6855
　　　　　　　　　　　　　　　　)
KING & LARSEN CONSTRUCTION, INC.,　)
et al.,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　)

## MEMORANDUM ORDER

　　　King & Larsen Construction, Inc. and M.A. King Construction,
Inc. have filed a purported Answer to the ERISA Complaint brought
against them by two employee benefit funds ("Funds"). This
memorandum order is issued sua sponte to require the correction
of defense counsel's disregard of the plain language of the
second sentence of Fed. R. Civ. P. ("Rule") 8(b).

　　　That sentence could scarcely be written in more
straightforward English, and it identifies exactly what any
defendant must disclaim to get the benefit of a deemed denial of
a plaintiff's allegations (see also App. ¶1 to State Farm Mut.
Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)).
So it is understandably annoying when lawyers disregard that
plain directive and tender a responsive pleading that is shot
through with departures from that language that do not reveal
whether, in the objective good faith demanded by Rule 11, a
defendant can indeed meet the demanding standards so carefully

prescribed by the Rule--in this instance, Answer ¶¶3, 4, 6, 10
through 18, 20 through 23 and 28 through 30 are deficient on that
score. Indeed, it is more than doubly annoying when less than
two weeks ago the selfsame lawyer, acting for the selfsame
clients, had his attention called expressly to the <u>State Farm v.
Riley</u> Appendix in connection with his unfamiliarity with still
another fundamental principle of federal pleading.[1]

Under all of the circumstances one aspect of the response
does seem a bit ironic: Defense counsel's website begins with
the self-evaluation of "LegalStrongMinds." In any event, the
current Answer is stricken in its entirety, with leave granted to
file a proper Amended Answer in this Court's chambers (with a
copy of course to Funds' counsel) on or before October 19, 2001.

As was true in Case No. 01 C 2919, no charge is to be made
to defendants by their counsel for the added work and expense
incurred in correcting counsel's own errors. And this time
defense counsel are ordered to apprise their clients to that
effect by a letter accompanied by a copy of this opinion, with a
copy of the letter to be transmitted to this Court's chambers as

---

[1] See this Court's September 26 memorandum order in <u>Cement
Masons Pension Fund v. King & Larson</u>, No. 01 C 2919. And in that
respect defense counsel may be assured, despite what this Court's
secretary reported as to the nature of his insolent telephonic
inquiry on receipt of that order, that this Court is not "sick"
because it regards conformity to the Rules as the responsibility
of any lawyer who seeks to practice in federal court. Those who
live in glass houses surely ought to refrain from throwing
stones.

an informational matter (not for filing).

_Milton Shadur_

Milton I. Shadur
Senior United States District Judge

Date: October 5, 2001